IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MALCOLM WADE,

        Plaintiff,

v.

WERNER TRUCKING COMPANY
a/k/a WERNER ENTERPRISES, INC.,

        Defendant.

Case No. 2:10-cv-270

JUDGE SARGUS

MAGISTRATE JUDGE ABEL

## OPINION AND ORDER

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for More Definite Statement (Doc. 8). For the reasons set forth herein, the motion is **DENIED**.

### I.

Plaintiff Malcolm Wade ("Wade"), on behalf of himself and all other similarly situated individuals, brings this action against Defendant Werner Trucking Company ("Werner"), with claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Ohio Minimum Fair Wage Standards Act ("Ohio Act"), OHIO REV. CODE § 4111.01 *et seq.* Wade alleges that Werner improperly failed to pay him overtime compensation as required by both the FLSA and the Ohio Act. He brings a collective action pursuant to the FLSA on behalf of the following:

> All current or former employees of [Werner] during the past three years who worked more than 40 hours a week and were compensated for such overtime work at an amount equaling less than one and one-half times the employee's regular rate of pay based on a 40-hour work week.

(Compl. ¶ 39.) Wade also brings a Rule 23 class action under the Ohio Act on behalf of Werner employees in Ohio. (Compl. ¶ 40.)

Werner now moves to dismiss Wade's class action claims pursuant to Rule 12(b)(6) on the grounds that a Rule 23 class action arising from state law cannot be maintained simultaneously with an FLSA collective action. Werner has also moved to dismiss Wade's FLSA claims on grounds that Wade has failed to properly identify a class. As the Parties have represented that they have agreed to a class definition, the Court considers portions of Werner's motion dealing with class definitional issues to be moot.

## II.

A Rule 12(b)(6) motion requires dismissal if the complaint fails to state a claim upon which relief can be granted. While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Furthermore, "[a]lthough for purposes of a motion to dismiss [a court] must take all the factual allegations in the complaint as true, [it] [is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Twombly*, 550 U.S. at 55) (internal quotations omitted).

## III.

The FLSA and the Ohio Act both require employers within the statutory purview to compensate non-exempt employees at one and one-half times the employees' normal hourly rate for hours worked in excess of forty in a given workweek. *See* 29 U.S.C. § 207(a) & OHIO REV. CODE § 4111.03(A). In a collective action made pursuant to the FLSA, "[n]o employee shall be

2

a party plaintiff . . . unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Conversely, judgments in Rule 23 class actions are binding on class members unless they affirmatively opt out of the action. *See, e.g.,* FED. R. CIV. P. 23(c)(2)(B)(v). Citing several cases, Werner asserts that Wade's state law claims should be dismissed because an opt-in collective action under the FLSA and an opt-out Rule 23 class action based on state law cannot coexist in the same lawsuit. *See, e.g., Otto v. Pocono Health Sys.*, 457 F. Supp. 2d 522 (M.D. Pa. 2006); *Herring v. Hewitt Assocs., Inc.*, No. 06-267, 2006 WL 2347875 (D. N.J. Aug. 11, 2006); *Himmelman v. Continental Cas. Co.*, No. 06-166, 2006 WL 2347873 (D. N.J. Aug. 11, 2006); *Moeck v. Gray Supply Corp.*, No. 03-1950, 2006 WL 42368 (D. N.J. Jan. 6, 2006). According to Werner, allowing an opt-out class action for claims arising under the Ohio equivalent of the FLSA would undermine Congress's intent in limiting those types of claims to opt-in actions.

While this issue has been litigated in many district courts across the country, it has not been addressed by the Sixth Circuit. This Court is persuaded by Judge Barrett's conclusion in *Laichev v. JBM, Inc.*, 269 F.R.D. 633 (S.D. Ohio 2008), that there is nothing inherently incompatible between an FLSA opt-in suit and an Ohio Act Rule 23 class action, and that they are able to coexist within the same litigation. As Judge Barrett stated, "[a]lthough having both an opt-in class and an opt-out class in one litigation is not an ideal situation, this Court finds that maintaining two separate class actions in two different courts, State Court and Federal Court, would create more confusion and conflict among prospective class members." *Id.* at 636. As in *Laichev*, in this case, the number of potential class members "who are at the most risk of confusion is limited to a manageable number, i.e., only those who are employed by Defendant in Ohio." *Id.*

3

As noted by the court in *Lindsay v. Government Employees Insurance Co.*, 251 F.R.D. 51 (D.D.C. 2008), the plain language of 29 U.S.C. § 216(b) limits the requirement of an opt-in action to only claims brought pursuant to the FLSA itself, "strongly suggesting that, to the degree that Congress made a 'superiority' determination, it applied only to FLSA suits." *Id.* at 57. Other courts have come to similar conclusions. In *Murillo v. Pacific Gas & Electric Co.*, 266 F.R.D. 468 (E.D. Cal. 2010), the Eastern District of California, in concluding that a class action arising from state law claims could be brought in the same suit with an FLSA collective action, stated that "[h]ad Congress believed that allowing a state opt-out action to go forward simultaneously with an opt-in FLSA action would undermine the statute, it would not have expressly indicated that the FLSA does not preempt state labor laws." *Id.* at 472. *See also Lehman v. Legg Mason, Inc.*, 532 F. Supp. 2d 726, 731 (M.D. Pa. 2007) (refusing to dismiss state claims on the basis of inherent incompatibility because "nothing in the plain text of the FLSA reflects Congressional intent to limit the substantive remedies available to an employee under state law, nor to limit the procedural mechanism by which such a remedy may be pursued"); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 374–75 (S.D. N.Y. 2007) (holding that it was appropriate for the court to exercise supplemental jurisdiction over a state law class action brought in conjunction with an FLSA collective action).

## IV.

This Court holds that an opt-in collective action brought under the FLSA and an opt-out class action brought under the Ohio Act are not inherently incompatible and may be brought in the same litigation. For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for More Definite Statement (Doc. 8) is **DENIED**.

IT IS SO ORDERED.

\_\_\_\_1-28-2011_____
DATED                                                    EDMUND A. SARGUS, JR.
                                                         UNITED STATES DISTRICT JUDGE