UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MALCOLM WADE, individually and
on behalf of all others similarly situated,**

       **Plaintiff,**

                           **Case No. 2:10-CV-270**

     **v.**                       **JUDGE EDMUND A. SARGUS, JR.**

                           **MAGISTRATE JUDGE MARK R. ABEL**

**WERNER TRUCKING COMPANY a/k/a
WERNER ENTERPRISES, INC.,**

       **Defendant.**

### OPINION & ORDER

This matter is before the Court on Plaintiff's Motion to Defer Ruling on Defendant's Motion for Summary Judgment Under Rule 56(d) (Doc. 67).

Plaintiff Malcolm Wade ("Wade") filed this action, on behalf of himself and all others similarly situated, as a collective action against Defendant Werner Trucking Company aka Werner Enterprises, Inc. ("Werner") for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Wade also asserts state law violations of the Ohio Minimum Fair Wage Standards Act pursuant to Ohio Revised Code § 411.01, *et seq.* ("OMFWSA"). Wade sought collective action status under the FLSA on behalf of a class of "similarly situated" persons composed of and defined as follows:

> Any and all dedicated and non-dedicated day and night fleet coordinators employed by Defendant Werner Trucking from September 8, 2007 to the present and/or any and all Werner employees employed during the relevant time period who had the same job duties as Mr. Wade and were paid as exempt employees under the FLSA.

Upon completion of limited discovery related to class membership only, Wade filed a Renewed Motion for Conditional Class Certification on September 16, 2011 (Doc. 37). On October 14, 2011, Werner moved for summary judgment on the basis that Wade was exempt from the overtime provisions of the FLSA and OMFWSA (Doc. 40). Wade filed his Memorandum in Opposition to Werner's Motion for Summary Judgment on December 2, 2011 (Doc. 61), to which Werner replied on December 16, 2011 (Doc. 62).

On August 2, 2012, this Court granted Wade's Renewed Motion for Conditional Class Certification (Doc. 65), finding that Wade "met his light burden to make a modest factual showing that he and the putative plaintiffs were subject to or are subject to a common policy that may violate the FLSA." (Doc. 65, at 6.)

At this time, Werner's Motion for Summary Judgment (Doc. 40) remains pending. Wade has filed a Motion to Defer Ruling on Werner's Motion for Summary Judgment Under Rule 56(d) (Doc. 67). Rule 56(d) provides, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

Wade requests that he be permitted to conduct merits discovery of a sampling of individuals comprising the conditionally certified class and supplement his Memorandum in Opposition to Werner's Motion for Summary Judgment with evidence obtained in such discovery. In support of his motion and in accordance with Rule 56(d), Wade has submitted the affidavit of his attorney, Beth Nacht (Doc. 67-1 "Nacht Aff."). In her affidavit, Nacht avers that Wade seeks to conduct merits discovery regarding the conditionally certified class and "discover information (via written discovery and depositions) regarding, including but not limited [to] job

2

titles, job duties, pay rate, hours, length of employment, and projects and assignments, with respect to all relevant fleet coordinators across any and all distinctions among them." (Nacht Aff. ¶ 5.) Nacht further avers that this additional information is appropriate and necessary for Wade to be able to fully address and rebut the defenses in Werner's Motion for Summary Judgment. (Nacht Aff. ¶¶ 6, 8.)

The Court agrees. "It is well-established that a plaintiff must receive "'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment." *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).  A grant of summary judgment is "improper if the non-movant is given an insufficient opportunity for discovery."  *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231–32 (6th Cir. 1994).  Summary judgment is appropriate only  if "there is no genuine dispute as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  At this stage, Wade has submitted sufficient evidence to support his allegations that Werner's employees were allegedly subject to a common policy which may have resulted in FLSA overtime violations.  The class of putative plaintiffs has only recently been conditionally certified, and the parties do not yet know who will comprise the opt-in class, much less what, if any, viable defenses may be available to Wade due to a lack of merits discovery.  As genuine issues of material fact exist regarding the nature of Wade's employment with Werner, summary judgment is not appropriate at this time. *See Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 867 (S.D. Ohio 2011) (declining to rule on defendant's summary judgment motion because parties had not yet completed discovery).

The Court will defer ruling on Defendant's Motion for Summary Judgment (Doc. 40) until after the completion of discovery.  Once discovery has been completed, the Court will

begin consideration of a renewed motion for summary judgment by relying on the previously filed briefs of the parties.  Should Werner wish to supplement its originally filed motion for summary judgment, it may do so based on the results of discovery.  Wade will be given the same time under the Local Rules to file a memorandum in opposition, as will Werner to file a subsequent reply.  Accordingly, Plaintiff's Motion to Defer Ruling on Defendant's Motion for Summary Judgment Under Rule 56(d) (Doc. 67) is **GRANTED**, and Defendant's Motion for Summary Judgment (Doc. 40) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

8-20-2012
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**