IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MALCOLM WADE, Individually and on Behalf of All Others Similarly Situated**<br><br>　　　　　　**Plaintiff,**<br><br>v.<br><br>**WERNER TRUCKING COMPANY a/k/a WERNER ENTERPRISES, INC.,**<br><br>　　　　　　**Defendant.** | **Judge Sargus**<br><br>**Magistrate Judge Abel**<br><br>**Case No.: 2:10-CV-00270-EAS-MRA** |

**DEFENDANT'S REPLY AND SUGGESTIONS IN SUPPORT OF MOTION TO DISMISS NON-PARTICIPATING OPT-IN PLAINTIFFS WITH PREJUDICE**

Defendant submits the following Reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss Non-Participating Opt-In Plaintiffs.

## I.　　INTRODUCTION

Plaintiffs base their opposition on two premises: (1) that Defendant is not entitled to individualized discovery, and (2) that Defendant is allegedly not prejudiced by the lack of interrogatory responses from 57 of 112 opt-in Plaintiffs. Both of these assertions are without merit or proper factual support. Plaintiffs' failure to respond the Defendant's discovery requests unfairly prejudices Defendant because, among other things, it is robbed of the opportunity to prepare adequate defenses for each of these individual claims. Due to the failure to submit answers to Defendant's interrogatories and the substantial irreparable harm to Defendant, those 57 opt-in Plaintiffs should be dismissed by this Court for failure to prosecute pursuant to Fed. R. Civ. P. 37(b)(2)(C), 27(d) and 41(v), at a minimum without prejudice.

## II. RESPONSE TO PLAINTIFFS' STATEMENT OF FACTS

As a preliminary matter, Defendant notes that Plaintiffs, in their Response, do not controvert any of the Undisputed Facts contained in Defendant's Motion to Dismiss. Accordingly, such facts remain undisputed for the purposes of this Motion. With that being said, Defendant responds to Plaintiffs' proposed facts as follows:[1]

1. Malcolm Wade, former Werner employee, instituted this action in March 2010 on behalf of himself and all other similarly situated employees of Werner who were improperly denied overtime compensation in violation of the Fair Labor Standards Act (FLSA) and the Ohio Minimum Fair Wage Standards Act (OMFWSA). (Doc. No. 2).

**DEFENDANT'S RESPONSE:**

Defendant admits that Plaintiff Wade instituted this action in March 2010 on behalf of himself and all other similarly situated employees of Werner; however, it affirmatively denies that Plaintiffs were improperly denied overtime compensation in violation of FLSA or OMFWSA. Moreover, this Motion concerns those opt-in Plaintiffs who *failed* to respond to Defendant's discovery requests.

2. On August 2, 2012, the Court conditionally certified a collective action of all fleet coordinators employed by Werner from September 8, 2007 to the present. (Doc. No. 65). On August 17, the Court approved a 60-day notice and opt-in period for potential plaintiffs to join the action. (Doc. No. 71). On October 31, 2012, the Court granted Plaintiff's Motion to Extend Notice to fleet managers in addition to fleet coordinators. (Doc. No. 87). And, on November 7,

---

[1] Plaintiffs failed to individually number each of their purported facts in their Response. For the Court's convenience, Defendant is numbering Plaintiffs' "facts" and providing them here, followed by Defendant's response.

2012, the Court approved a second 60-day notice and opt-in period for fleet managers to join the action. (Doc. No. 89).

**DEFENDANT'S RESPONSE:**

Defendant does not dispute these facts for the purposes of this Motiononly; however they are not material to this Motion which concerns those who *failed* to respond.

3. On February 22, 2013 the Court conducted a telephone status conference, during which the parties informed the Court that an additional notice period was required due to Defendant's inadvertent failure to initially disclose a number of employees entitled to receive notice. (Doc. No. 97). The Court again allowed an additional 60-day notice and opt-in period giving the newly disclosed potential plaintiffs until approximately the end of April 2013 to join the suit. *Id.* On or about April 2, 2013, counsel for Defendant informed counsel for Plaintiffs that Werner discovered additional employees who were entitled to notice and the opportunity to opt-in. Accordingly, on April 3, 2013, a fourth round of notice was sent to approximately 60 additional potential plaintiffs giving them until June 3, 2013 to join the action.

**DEFENDANT'S RESPONSE:**

Defendant does not dispute these facts for the purposes of this Motion only; however they are not material to this Motion, which concerns those opt-in Plaintiffs who *failed* to respond.

4. On March 11, 2013 Werner served Plaintiffs' counsel with interrogatories and document requests for each of the 112 opt-in plaintiffs. (Doc. No. 99). To date, Plaintiffs have served Defendant with 55 sets of interrogatory and document request responses containing 1,430 individual interrogatory and document request answers. Thus, nearly 50% of the 112 active opt-in plaintiffs have affirmatively responded to Defendant's written discovery requests. Additionally, Defendant has taken the discovery depositions of 8 individual opt-in plaintiffs.

3

**DEFENDANT'S RESPONSE:**

Defendant does not dispute that 55 opt-in Plaintiffs have responded to Defendant's interrogatories and document requests or that it has taken the deposition of 8 individual opt-in plaintiffs, but controvert that these facts are material to this Motion, which concerns those who *failed* to respond. Moreover, although Joseph Casper's deposition was taken on July 17, 2013 he has yet to formally respond to the discovery requests.

5. Despite the fact that Defendant has ample discovery regarding the opt-in class, it attempts to hold each individual opt-in plaintiff to a higher level of participation that the law requires. Defendant seeks unduly harsh sanction of dismissal, which is simply not supported by the facts or applicable law of this case.

**DEFENDANT'S RESPONSE:**

Controverted as argumentative.

### III.   ARGUMENT AND AUTHORITIES

#### A. DEFENDANTS ARE UNFAIRLY PREJUDICED BY THE OPT-IN PLAINTIFFS' LACK OF RESPONSE

Plaintiffs' principal argument that Defendant is not prejudiced by the lack of discovery responses from 57 of the opt-in Plaintiffs is without merit.

Other than this discovery, Defendants have no other meaningful way of gathering the information from the collective "class." Without discovery information from 57 members of the class, Defendants are left to guess at the nature and basis of each opt-in Plaintiffs' claims and damages. Again, in a collective action like this, the non-compliant Plaintiffs are not represented by a "class representative." *See e.g.*, *Davis v. Novastar Mortgage, Inc.*, 408 F. Supp. 2d 811, 814-15 (W.D. Mo. 2005) (stating FLSA collective actions "differ[s] significantly" from Rule 23 class actions in that similarly situated employees do not become Plaintiffs or bound by

4

judgments unless they consent to become a party). *See also White v. KCPar, Inc.*, 2006 WL 1722348 (M.D. Fl.) *2 (in collective actions, "a named Plaintiff is not entitled to 'represent' other Plaintiffs in a class sense.") In other words, unlike class members in a Rule 23 class, each FLSA opt-in's claim is separate. *White*, *supra*. *See also*, *Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1248-49 (11th Cir. 2003) ("Congress indicated that opt-in Plaintiffs should have the same status in relation to the claims of the lawsuit as to the named Plaintiffs".)

A brief review of the interrogatories returned by some of the opt-in Plaintiffs, and information derived from depositions, demonstrate clearly that the opt-in Plaintiffs worked under different job titles in different cities with different supervisors, employee handbooks, schedules, and hours actually worked. Therefore, the substance and basis of Plaintiffs' particular claims and damages are individualistic and cannot be generalized to an average amount of damages as compared to, for example, a donning and doffing case. Here overtime for each of the opt-in class members can *only* be calculated using each individual's hours, schedule, pay rate, etc. Even if liability were found against Defendant, which Defendant denies, Plaintiff's counsel will never be able to demonstrate damages for the non-responding opt-in Plaintiffs because their situation were so individualistic.

For these reasons, other Courts have granted a motion to dismiss opt-in Plaintiffs from a collective action for failing to respond to discovery requests. *See Savage v. Unite Here*, 2007 WL 1584206 (S.D.N.Y.) (FLSA overtime collective action where Court dismissed two opt-in Plaintiffs for failing to participate in discovery); *Veliz v. Cintas Corporation*, 2007 WL 1686990 (N.D. Cal.) (Entering judgment pursuant to Fed. R. Civ. P. 41(b) in FLSA overtime collective action against 26 opt-in Plaintiffs who failed to respond to discovery); *Smith v. Central Security*

*Bureau, Inc.*, 231 F. Supp. 2d 455 (W.D. Va. 2002) (FLSA collective action dismissing opt-in Plaintiffs who failed to respond to repeated requests.).

Because of the substantial unfair prejudice to Defendant, the opt-in Plaintiffs who have failed to respond to discovery requests should be dismissed for failure to prosecute their claims in the collective action.

### B.  DISMISSAL HERE IS NOT TO "SANCTION"; JUSTICE REQUIRES IT

Finally, Defendants point out that this Motion is not made as a "punishment" for discovery "abuse." In other words, it is not a "sanction" in the sense that word connotes. Rather, it is a matter of avoiding trial by ambush.

The authority Plaintiffs rely upon is easily distinguishable from the case at hand. First, *Evans v. Lowe's Home Center*, 2005 WL 2100708 (W.D. Pa. Aug. 29, 2005) is distinguishable from the present case because it dealt with exempt managers who were told that they would not receive their full compensation if they did not work 40 hours in a week. Therefore, the main question before that court was whether the managers were properly classified as exempt or not, a fact that, once established, uniformly covers all plaintiffs. Here, however, there are numerous individualist issues. Among them is the fact that each Plaintiffs worked different hours (e.g., 7 on/7 off, 3 on/3 off, 5 days a week, etc.), had different supervisors, different duties, and worked at different locations across the country.  Dismissal of the opt-in Plaintiffs who failed to respond to Defendant's interrogatories and requests for production is appropriate. The only question is whether the dismissal should be with or without prejudice. Defendant stands by its belief that the opt-in Plaintiffs should be dismissed with prejudice because they have not shown any attempt to answer the interrogatories, and therefore have willfully neglected to answer or return their responses. As a result, Defendant is severely prejudiced because it has no further

opportunity to obtain any information from opt-in Plaintiffs other than their written discovery. At the very least, though, the Court should dismiss the opt-in Plaintiffs without prejudice.

This issue boils down to fundamental fairness. If the 57 non-responsive opt-in Plaintiffs are allowed to proceed in this matter, Plaintiffs' counsel theoretically will be able to call any one of these individuals at trial to testify: trial by ambush.  Accordingly, the examinations of these witnesses will be lengthy, and trial will be extended more than necessary because Defendant will effectively have to conduct discovery *during trial*.  The Federal Rules of Civil Procedure were designed so that this very scenario does not occur.  As such, dismissal of the 57 non-responsive opt-in Plaintiffs is appropriate, not necessarily as a "sanction", but to preserve the status quo and judicial economy embodied by the Federal Rules of Civil Procedure.

## IV.    CONCLUSION

Defendant's Motion to Dismiss is timely and appropriate pursuant to Fed. R. Civ. P. 37. 57 opt-in Plaintiffs failed to comply with their obligations to respond to discovery.  This failure, if not remedied by dismissal, will substantially unfairly prejudice Defendant in its right to defend these claims.   Accordingly, Defendant's Motion to Dismiss should be granted against the 57 non-participating opt-in Plaintiffs.

Respectfully submitted,

ROETZEL & ANDRESS

By: /s/ Stephen D. Jones
Stephen D. Jones (#0018066)
Jeremy S. Young (#0082179)
National City Plaza
155 E. Broad Street, 12th Floor
Columbus, OH  43215
614-463-9770
Fax No. 614-463-9792
sjones@ralaw.com
jyoung@ralaw.com


POLSINELLI PC

ANTHONY J. ROMANO (KS #13486) *(admitted pro hac)*
ROBERT J. HINGULA (KS #22203) *(admitted pro hac)*
Twelve Wyandotte Plaza
120 W. 12th Street, 16th Floor
Kansas City, MO 64105
(816) 421-3355
Fax No.: (816) 374-0509
aromano@polsinelli.com
rhingula@polsinelli.com

TRIAL ATTORNEY FOR DEFENDANT WERNER TRUCKING COMPANY A/K/A WERNER ENTERPRISES

8

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 5, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    David K. Stein, Esq.
    Lance Chapin, Esq.
    Richard F. Chambers, II, Esq.
    Beth J. Nacht, Esq.
    Stein Chapin & Associates
    580 S. High Street, Suite 330
    Columbus, OH  43215
    614-360-2637
    Fax:  614-221-9272
    dtein@steinchapin.com
    lchapin@steinchapin.com
    rchambers@steinchapin.com
    bnacht@steinchapin.com
    ATTORNEYS FOR PLAINTIFF

                                                      /s/ Stephen D. Jones